UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATT RAVENELL, TRAVIS LUBBERS, and
TYLER TALKINGTON, Individually and on Behalf
of All Other Persons Similarly Situated,

       Plaintiffs,

            -against-

AVIS BUDGET CAR RENTAL, LLC and
AVIS RENT A CAR SYSTEM LLC,

       Defendants.
------------------------------------------------------------X

08-CV-2113 (SLT) (ALC)

**MEMORANDUM & ORDER**

**TOWNES**, United States District Judge:

## INTRODUCTION

Plaintiffs Matt Ravenell, Travis Lubbers, and Tyler Talkington (collectively "Plaintiffs") have sued defendants Avis Budget Car Rental, LLC and Avis Rent a Car System LLC (collectively "Avis") for, *inter alia*, alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiffs move for conditional certification as a collective action pursuant to 29 U.S.C. § 216(b). For the reasons set forth below, the motion is granted.

## BACKGROUND

Avis operates approximately 1,000 rental car facilities in the United States, about 200 of which are airport locations. (Deposition of Elaine Vitello ("Vitello Dep."), Docket No. 66-4, at 13.) The remainder of the locations are not located at airports and serve local markets in cities and suburban areas. (Declaration of Gina Bruzzichesi ("Bruzzichesi Decl."), Docket No. 69-1, ¶ 4.) Avis's field operations are geographically categorized into four regional areas: (1) Northeast; (2) Southeast; (3) Central; and (4) West. (*Id.* ¶ 3.) In Avis's corporate hierarchy, shift

1

managers are the lowest level of management, with airport managers, district managers, and city managers above them in the management chain. (Vitello Dep. at 33-36; 62-63, 67-68.) Avis also employs customer service agents, customer sales agents, and other hourly workers, all of whom are subject to the overtime provisions of the FLSA. (*Id.* at 64-65.) There are approximately 1,100 Avis shift managers nationwide. (Bruzzichesi Decl. ¶¶ 5, 10.)

Plaintiffs were employed by Avis as shift managers in the Northeast Region. Plaintiff Matt Ravenell worked at the Avis facility at Laguardia Airport ("Laguardia") in Queens, and Plaintiffs Travis Lubbers and Tyler Talkington worked for Avis at Dulles International Airport ("Dulles") in Washington D.C. Plaintiffs allege that Avis violated the FLSA by failing to pay them and other shift managers overtime compensation for hours worked in excess of forty hours per week. They claim that Avis erroneously classified them as managerial employees to avoid paying for overtime work under the FLSA's "bona fide executive" exemption. *See* 29 U.S.C. 213(a). In Avis's Answer, it denies the allegations, stating that Plaintiffs were "fully and properly compensated." (Docket No. 58 at 1.)

After commencement of this lawsuit, seven current and former Avis shift managers, all of whom have worked at either Laguardia, Dulles, or Reagan National Airport, have filed consents to become parties to this action as similarly situated individuals. The parties engaged in limited discovery related to the issue of collective action certification under the supervision of United States Magistrate Judge Steven M. Gold. The instant motion for conditional certification as a collective action then followed.

**DISCUSSION**

*1. Collective Action Certification Under the FLSA*

Under the FLSA, an action "may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Accordingly, "[t]he threshold issue in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that potential class members are "similarly situated." *Hoffmann v. Sbarro, Inc.*, 982 F. Supp. 249, 261 (S.D.N.Y. 1997).

"[C]ourts have held that plaintiffs can meet this burden by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the [FLSA]." *Id.*; *see also Jackson v. New York Telephone Co.*, 163 F.R.D. 429, 432 (S.D.N.Y. 1995) ("[P]laintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme.") Moreover, "it may be appropriate in some cases to find plaintiffs and potential plaintiffs similarly situated based simply on plaintiffs' 'substantial allegations' that they and potential plaintiffs were common victims of a FLSA violation, particularly where defendants have admitted that the actions challenged by plaintiffs reflect a company-wide policy." *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *3 (S.D.N.Y. Oct. 5, 2006) (quoting *Ayers v. SGS Control Servs., Inc.*, 03 Civ. 9078, 2004 WL 2978296, at *5 (S.D.N.Y. Dec. 21, 2004)).

On a motion for conditional certification, a district court must not assess the merit of Plaintiffs' FLSA claims. The issue is not "whether there has been an actual violation of law but

3

rather on whether the proposed plaintiffs are "similarly situated" under 29 U.S.C. § 216(b) with respect to their allegations that the law has been violated." *Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54 (S.D.N.Y. 2005). In order to prevail, plaintiffs must only satisfy this "fairly lenient standard" and the court "typically grants conditional certification." *Malloy v. Richard Fleischman & Assocs. Inc.*, No. 09 Civ. 322, 2009 WL 1585979, at *2 (S.D.N.Y. Jun. 3, 2009) (internal quotation marks omitted). "The burden on plaintiffs is not a stringent one, and the Court need only reach a *preliminary determination* that potential plaintiffs are 'similarly situated.'" *Hoffmann*, 982 F. Supp. at 261 (emphasis added).

After conditional certification is granted, additional plaintiffs may join the lawsuit after receiving a court authorized notice, but such plaintiffs "do not necessarily remain parties to the action through trial." *Damassia*, 2006 WL 2853971, at *3. After the completion of discovery, a district court may reexamine the issue of collective action certification on a motion for "decertification." At that time, courts "typically engage in a 'second tier' of analysis to determine on a full record-and under a more stringent standard-whether the additional plaintiffs are in fact similarly situated." *Damassia*, 2006 WL 2853971, at *3. Courts remain free to "decertify the class or divide it into subclasses, if appropriate" despite an earlier preliminary determination authorizing notice to potential opt-ins. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 369 (S.D.N.Y. 2007); *Patton v. Thomson Corp.*, 364 F. Supp. 2d 263, 268 (E.D.N.Y. 2005); *Rodolico v. Unisys Corp.*, 199 F.R.D. 468, 484 (E.D.N.Y. 2001); *Realite v. Ark Rests. Corp.*, 7 F. Supp. 2d 303, 308 (S.D.N.Y. 1998).

***2. Plaintiffs' Motion for Conditional Certification Must be Granted***

***Arguments***

Plaintiffs seek conditional certification of a collective action consisting of Avis shift managers, all of whom were classified by Avis as being exempt from the FLSA's overtime requirements. Plaintiffs have submitted a job description, job advertisement, and training documents for the shift manager position, which were used by Avis nationwide to describe the duties and responsibilities of its shift managers. (Exhs. F, G, H, J, L to Declaration of Jeffrey Klafter, Docket No. 66.) The Plaintiffs and the opt-in employees testified at their depositions that, despite the classification of the shift manager position as exempt, they were primarily engaged in non-managerial tasks, such as cleaning cars, moving cars, preparing cars for rental, and acting as customer service agents.

In opposition to the motion, Avis contends that the lenient preliminary standard does not apply because the parties engaged in discovery regarding the certification issue. Alternatively, Avis asserts that, even if the preliminary standard is applicable, it has not been met because, despite Plaintiffs' contentions, Avis shift managers are not, in fact, similarly situated with each other. Avis takes the position that their duties and responsibilities vary depending on a multitude of factors and submits a declaration of Gina Bruzzichesi, a Vice President of Human Resources and Learning and Development for Avis, who states:

> Shift manager daily duties vary depending upon multiple factors including whether the manager is assigned to an Airport or Off Airport location, the size of the location, the rental volumes at the location, the seasonality of the city served, the attributes of the destination such as business or leisure venue, the staffing required to support the location, the geography of the leased space, and the functions served including whether busing or maintenance is

supported there.

(Bruzzichesi Decl. ¶ 10.) Ms. Bruzzichesi further states that Avis's operations across the country differ depending on whether a given location is an airport location, serves a local market, or is subject to a collective bargaining agreement. She also points to differences among various airport locations, such as:

> whether the airport serves a city versus a vacation destination, whether the car rental is for business or leisure travel, the rental volumes supported by the air travel to and from that airport, the seasonality of the airport's operations, and space leased from the applicable airport authority and operating hours.

(*Id.* ¶ 5.)

Avis also submits fifty-two declarations from employees at various Avis locations, who affirm that they "have not been promised any benefit, coerced or threatened in any manner in exchange for the[ir] testimony." (Exh. H. to Declaration of Kimberly J. Gost ("Gost Decl."), Docket No. 69.). They explain the manner in which their given location operates and the duties and responsibilities of shift managers at that location. The employee declarations describe certain operational differences among Avis locations, such as opening hours, business volume, and whether employees were unionized. They also reveal certain differences in the duties and responsibilities of shift managers.

However, the employees generally describe the shift manager position as a managerial position in accordance with Avis's classification of shift managers as exempt from the FLSA's overtime requirements. In contrast to the testimony provided by the named Plaintiffs and the opt-in employees, none of the employees who submitted affidavits in support of Avis stated that they or other shift managers were primarily involved in hourly employee tasks like cleaning, moving,

and preparing cars.

Based on the purported differences in the operation of Avis locations and the job duties and responsibilities of shift managers, Avis urges that the propriety of its managerial exemption for shift managers cannot be evaluated collectively. It contends that the policy must be assessed on a case-by-case basis, necessitating a fact specific analysis of the duties of each individual shift manager to determine whether the exemption was proper with regard to each employee.

## *Analysis*

Plaintiffs correctly argue that the more lenient preliminary certification standard is applicable to the instant motion. It is well settled that the more exacting standard does not apply until after discovery is complete and it can be determined whether the class of plaintiffs, including those who have opted in, should proceed to trial as a collective action. *See Indergit v. Rite Aid Corp.*, Nos. 08 CIV. 9361 & 08 CIV. 11364, 2010 WL 2465488, at *4 (S.D.N.Y. Jun. 16, 2010); *Gortat v. Capala Bros., Inc.*, No. 07-CV-3629, 2010 WL 1423018, at *9-*10 (E.D.N.Y. Apr. 9, 2010); *Laroque v. Domino's Pizza*, LLC, 557 F. Supp. 2d 346, 352 (E.D.N.Y. 2008). In this case, discovery is not complete and notice of a collective action and an opportunity to join the lawsuit has not been given, making it inappropriate to use the more stringent standard. *See Mendoza v. Casa de Cambio Delgado, Inc.*, No. 07CV2579, 2008 WL 3399067, at *1 n.3 (S.D.N.Y. Aug. 12, 2008); *Cuzco v. Orion Builders, Inc.*, 477 F. Supp. 2d 628, 632-33 (S.D.N.Y. 2007); *Damassia v. Duane Reade, Inc.*, No. 04 Civ. 8819, 2006 WL 2853971, at *4 (S.D.N.Y. Oct. 5, 2006); *Prizmic v. Armour, Inc.*, No. 05-CV-2503, 2006 WL 1662614, at *2 (E.D.N.Y. Jun. 12, 2006).

Plaintiffs' motion should be granted because they have met the preliminary standard for conditional certification. They have alleged a common policy that deprived them of overtime compensation through an erroneous employment classification. Indeed, Avis concedes that all shift managers nationwide were classified as exempt, and Plaintiffs testified that, despite this classification, they were engaged in primarily non-managerial tasks. Plaintiffs' argument is buttressed by Avis's own corporate documents, which reveal that all Avis shift managers, wherever located, were treated as part of a category of similarly situated employees. It is undisputed that the job advertisement, job description, and training materials for the shift manager position applied to *all* Avis shift managers. These documents support Plaintiffs' position that they were "subjected to an allegedly unlawful nationwide corporate policy." *Indergit*, 2010 WL 2465488, at *5; *see also Damassia*, 2006 WL 2853971, at *4.

Avis's argument that its employee affidavits establish that shift managers are not similarly situated because their job duties and responsibilities vary is "inadequate and premature." *Damassia*, 2006 WL 2853971, at *5. Plaintiffs have made a "modest factual showing," through their allegations in the Complaint, their deposition testimony, and the deposition testimony of the opt-ins, that there was a common policy of wrongfully depriving shift managers of overtime, which is enough to warrant conditional certification at this juncture.

Avis's attempt to rebut this showing by contending that Plaintiffs' claims cannot be assessed collectively is without merit. This argument is inconsistent with Avis's blanket policy broadly classifying *all* shift managers as exempt. It is also undercut by cases allowing plaintiffs to collectively pursue similar claims under the FLSA. *See Indergit*, 2010 WL 2465488, at *9 ("[Defendant] cites no authority for its sweeping proposition that any case that turns on the

8

application of the FLSA's executive exemption cannot be resolved through a collection action, and many courts have expressly rejected this argument.")

Avis's declarations filed in opposition to the motion simply do not provide a valid basis for forestalling conditional certification and notice to potential opt-in employees in light of the Court's determination that Plaintiffs' showing meets the applicable standard. "'[O]nce Plaintiffs have met their burden at the notice stage, Defendant cannot overcome [this] showing by arguing that individual issues may dominate; rather, if after notice to the putative plaintiffs, it appears that individual issues do in fact dominate, the Defendant may move the Court to decertify the class.'" *Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct. 16, 2008) (quoting *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 373 (E.D. Tenn. Mar. 21, 2006)).

Moreover, the employee declarations submitted by Avis "should be discounted at this stage" because Plaintiffs have not yet been able to depose the employees who signed them. *Francis v. A & E Stores, Inc.*, No. 06 Civ. 1638, 2008 WL 4619858, at *3 (S.D.N.Y. Oct. 16, 2008). Such "untested evidence . . . cannot, under the circumstances present here, defeat [Plaintiffs'] entitlement to a preliminary determination that they are similarly situated to other [shift managers]." *Damassia*, 2006 WL 2853971, at *7. The declarations also pose a "risk of bias and coercion inherent in that testimony." *Morden v. T-Mobile USA, Inc.*, No. C05-2112, 2006 WL 2620320, at *3 (W.D. Wash. Sept. 12, 2006). It would be inappropriate for the Court to credit those declarations and render a final determination based on them at this juncture in the case.

The final flaw in Avis's argument is that the employee declarations describe certain

9

differences that are not germane to the central issue of "whether plaintiffs are similarly situated '*with respect to their allegations that the law has been violated* .'" *Damassia*, 2006 WL 2853971, at *6 (quoting *Young*, 229 F.R.D. at 54 (emphasis added)). It cannot be gainsaid that employees "need only be *similarly* situated, not identically situated." *Libront v. Columbus McKinnon corp.*, No. 83-CV-858S, 1992 WL 373649, at *2 (W.D.N.Y. Nov. 21, 1992) (emphasis in original). FLSA collective actions are not restricted to employees who are "clones of one another working in completely identical stores, in identical neighborhoods, with identical clientele." *Damassia*, 2006 WL 2853971, at *6. It is insufficient to merely describe "all the ways in which plaintiff's exact day-to-day tasks differ." *Chowdhury v. Duane Reade, Inc.*, No. 06 Civ. 2295, 2007 WL 2873929, at *5 (S.D.N.Y. Oct. 2, 2007).

To the extent that the declarations describe inconsequential differences among employees who were all engaged in primarily managerial tasks, they are of questionable value to Avis's opposition to the instant motion. Although the employees' description of the shift manager position as involving primarily managerial tasks may support the position that Avis correctly classified shift managers as exempt from the FLSA's overtime requirements, the Court cannot consider the merits of the Plaintiffs' claims on this motion.

To be sure, Avis has referenced some differences that are pertinent to the Plaintiffs' claims regarding the managerial exemption. However, as explained above, Plaintiffs have met their burden under the preliminary standard for conditional certification, and Avis cannot prevent the Plaintiffs from proceeding as a collective action by relying on the declarations it has submitted. At the close of discovery, the certification issue may be reexamined before the case is tried as a collective action. On a motion for decertification, Avis will then have an opportunity to

resubmit evidence on the certification issue, and the Court will evaluate all of the evidence before it in light of the entire record.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for conditional certification as a collective action pursuant to 29 U.S.C. § 216(b) is **GRANTED**. The parties are directed to confer about the form and content of the notice that will be sent to potential opt-in plaintiffs. A joint proposed notice shall be submitted to Magistrate Judge Carter by August 9, 2010.

**SO ORDERED.**

/SANDRA L. TOWNES
United States District Judge

Dated:    July 19, 2010
          Brooklyn, New York

11