# KLAFTER OLSEN & LESSER LLP
### ATTORNEYS AT LAW

Two International Place • Suite 350 • Rye Brook, NY 10573
914-934-9200 • Fax 914-934-9220 • www.klafterolsen.com

June 14, 2011

**VIA ECF**

Hon. Andrew L. Carter, Jr.
United States District Court
  Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

     Re:    *Ravenell, et al. v. Avis Budget Car rental LLC, et al.*
           08-cv-2113 (SLT)(ALC)

Dear Judge Carter:

On behalf of Plaintiffs, we are writing in further support of Plaintiffs' June 1, 2011 motion to compel production of documents (Dkt. No. 312) and letter regarding Defendants' deficient privilege log (Dkt. No. 311), and in opposition to Defendants' June 10, 2011 letter to the Court (Dkt. No. 315). For the reasons set forth below and in our June 1st submissions, the Court should grant Plaintiffs' requests in their entirety.

    A.    **Defendants' Responses to Interrogatories No. 7 and 8 Are Deficient**

Notwithstanding Defendants' attempt to mischaracterize the point, Plaintiffs are entitled to full and complete responses to Interrogatories No. 7 and 8: namely, the people involved in, and the reasons for, the decision to classify Shift Managers as exempt under the Fair Labor Standards Act ("FLSA"). As Avis' counsel recognizes, when looking at whether a particular position was improperly classified under the FLSA, the proper focus belongs on what these employees actually did. Thus, when making the initial decision to classify shift managers as exempt (whenever that decision was initially made), and when it revisited this issue to determine whether the classification remained accurate, Avis necessarily reviewed the shift managers' actual duties. It is this, admittedly relevant information we are now seeking—and which Avis has withheld. Clearly, the individuals who made the decision to classify shift managers as exempt—and continue the exemption after an audit—have information "that is reasonably calculated to lead to the discovery of admissible evidence". Fed. R. Civ. P. 26(b)(1) and Defendants should be ordered to provide such relevant evidence.



NEW YORK • NEW JERSEY • WASHINGTON, DC

The Honorable Andrew L. Carter, Jr.
June 14, 2011
Page 2 of 5

      In opposing Plaintiffs' proper Interrogatories, Defendants mischaracterize Plaintiffs' argument.  Obviously, in a vacuum, the identity of those who made the decision to classify shift managers as exempt is meaningless.  *See*, Docket 315 at 2.  This misses the point that Plaintiffs are requesting the identity of these individuals so that we can obtain the exact information from them that Defendants themselves admit is relevant— the duties and responsibilities of shift managers; *i.e.*, the activities of shift managers that these witnesses either saw first hand, or considered (through other evidence), when making the classification determination.  For example, these individuals can testify whether Avis did in fact consider the actual, day to day job duties performed by shift managers when making the classification determinations, as well as the process used in obtaining information regarding these duties.  Contrary to Defendants' claims, this information is critical to allowing both the Plaintiffs and the Court to assess the legitimacy of the classification of shift managers as well as Defendants' affirmative defenses of good faith and lack of willfulness.

      In their supplemental response to Interrogatory No. 7 ("[i]dentify each person who participated in the decision to classify Shift Managers as exempt employees under the FLSA and/or the NYLL including, but not limited to, Labor Analysts or persons in a comparable position employed by Defendants."), Defendants identify thousands of managers employed by Avis.  (Docket 315 at 2).  This response is absurd on its face, as it is simply not possible that every manager throughout the country was involved in and participated in making this decision.  In attempt to deflect attention from their improper response, Defendants' rewrite Plaintiffs' Interrogatory as asking for "all individuals with knowledge of facts that support Defendants' position that shift managers were properly classified, and who may be called to testify at trial", and then argue that their overbroad response to an interrogatory that was not propounded, is proper.  *Id*.  Defendants may hope to confuse the Court with such an argument, but the Court should readily be able to see the evasion.  Accordingly, preclusion warranted because under Fed. R. Civ. P. 37 (a)(4), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

      Defendants' similar claim that they do not understand what is meant by "most instrumental", as used in Interrogatory No. 8, is no less disingenuous.  On its face, it is clear that Plaintiffs' are seeking the identity of the individuals who had decisive involvement in reaching the initial determination that shift managers be classified as exempt and, those involved in any decision thereafter that these employees remain exempt employees. Notwithstanding the clear language of Interrogatory No. 8, the meaning of this Interrogatory was explained to Defendants during the various meet and confers.  Presumably, individuals within Avis read the FLSA Audit, addressed in the correspondence to date, and on the basis of their review of the Audit, information related to the initial classification decision and other factors to be learned through discovery, decided that shift managers would be classified, and thereafter remain, exempt



K&L
NEW YORK • NEW JERSEY • WASHINGTON, DC

The Honorable Andrew L. Carter, Jr.
June 14, 2011
Page 3 of 5

employees.  These persons are not unidentifiable, nor are they all managers who work for Avis, the two responses currently put forward by Defendants.[1]

    **B.**    **Plaintiffs Are Entitled to Responses to Document Requests Nos. 13 and 16 Regarding the Decision to Classify Shift Managers as Exempt**

Defendants offer no reasonable explanation for their refusal to properly respond to Document Requests Nos. 13 and 16, asking for documents that pertain to the decision to classify shift managers as exempt.  It is not possible that ALL documents produced in this litigation (which now number 297,983, an increase of 200,000 in the last month) are relevant, in any material way, to this issue.

In defense of their improper responses, Defendants claim to be taking a broad view of responsiveness.  See Defendants' Letter dated June 10, 2011 ("Def. June 10th letter") at 5.  It is clear, however, that Defendants' "broad" view of responsiveness is just another way to describe what has been, for all practical purposes, a classic document dump and thus, as to these Document Requests, such responsive is an evasion.  The Court should not countenance such sharp litigation tactics and Plaintiffs' motion to preclude or compel proper responses, should be granted.

    **C.**    **The FLSA Audit Documents Are Not Privileged and This Court Should Compel Defendants to Produce Them[2]**

Despite spending almost four pages attempting to explain their basis for asserting the attorney client privilege and work product doctrine to support their refusal to produce documents related to the FLSA audit, Defendants' invocation of such privilege fails under the relevant case law.

---

[1] Even if this Court finds that the content of the FLSA Audit is privileged, which we strenuously argue is not the case, Plaintiffs are still entitled to the names of individuals who have discoverable information about the Audit, how the Audit was used in making the initial decision and continuing to classify shift managers as exempt, as well as the process used in the Audit.

[2] As stated in our opening papers, it is Plaintiffs' position that any privilege that attaches to the FLSA Audit documents was waived because Defendants have placed their knowledge of potential FLSA violations into issue herein, through their affirmative defenses of good faith and lack of willfulness.  See *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir. 1994) ("Having gone beyond mere denial, affirmatively to assert good faith, [the defendant] injected the issue of its knowledge of the law into the case and thereby waived the attorney-client privilege.").  Plaintiff, however, believes that this issue will better be addressed after the Defendants' depositions regarding their affirmative defenses and the basis therefor.



NEW YORK • NEW JERSEY • WASHINGTON, DC

The Honorable Andrew L. Carter, Jr.
June 14, 2011
Page 4 of 5

It should be noted at the outset that underlying many, if not most of Defendants' arguments in support of its contention that the documents at issue were properly withheld, is the recognition that for the majority of documents, the senders or recipients were not attorneys. In support of its designation, Defendants rely heavily on the "need to know standard." Docket No. 15 at 4. Conspicuously absent from the discussion, however, is the fact that Defendants have not identified, by name and position, these non-attorneys nor have they given any explanation of why they "needed to know"; i.e., receive, the documents in question. Thus, in their opposition, Defendants merely state that these unidentified individuals "were working on the audit", "provid[ed] relevant information for the audit" or "worked with individuals affected by the audit". *Id*. Even under the cases relied upon by Defendants, these vague and essentially meaningless descriptions do not meet the legal requirements necessary to sustain the privilege. *See, Scholtisek v. Eldre Corp.*, 441 F. Supp. 2d 459, 462 (W.D.N.Y. 2006) ("'To the extent that the record is ambiguous as to the elements which are necessary to establish the clam of privilege, [t]he burden of proving that that the privilege applies is placed on the party asserting [it].'"(quoting *Matter of Grand Jury Empanelled February 14, 1978*, 603 F.2d 469, 474 (3rd Cir. 1979).

Finally, the cases relied upon by Defendants are distinguishable and in fact, found that many of the same types of documents we are seeking herein, were not privileged. Thus, in *Deel v. Bank of America*, 227 F.R.D. 456, 461 (W.D.Va. 2005), the court found that certain communications created as part of an FLSA review were not protected by the attorney-client privilege. Likewise, in *Lewis v. Wells Fargo & Co.*, 266 F.R.D. 433, the court ordered the production of many, seemingly analogous documents.

### D. Non- Audit Documents Contained on The Privilege Log Should Be Produced

Defendants' response regarding the Non-Audit Documents contained on the privilege log actually supports Plaintiffs' argument that Defendants have engaged in a wholesale document dump in responding to discovery herein. Defendants have included such facially irrelevant documents as "emails containing legal advice regarding currency conversion", "legal advice regarding disposal of personally identifiable and other customer information" and "legal advice regarding overdue safety recalls". [3] In fact, Defendants themselves admit that they have included "many [documents] which are only tenuously related to the instant action." Dkt. No. 315 at 6. The fact that these documents are on the privilege log is further indication that the scope and manner of production of documents in this case has been, and continues to be, improper. Accordingly, we ask the Court direct Defendants identify all documents which they deem to be "*tenuously related to the instant action*" so that Plaintiffs have the necessary information to determine whether to continue seeking these documents or not waste any more resources requesting, what could ultimately be, irrelevant documents.

---

[3] With these further descriptions, which should have been provided on the privilege log from the outset (and highlight the deficient nature of Defendants' Privilege Log), Plaintiffs do not seek the production of these seemingly irrelevant documents.



The Honorable Andrew L. Carter, Jr.
June 14, 2011
Page 5 of 5

      In light of the tactics used by Defendants in the production of discovery to date, their productions should be seen as evasive and incomplete, and we urge that the Court grant Plaintiffs' requests in their entirety.

                                                Respectfully submitted,

                                                Fran L. Rudich

Cc: All Counsel (via ECF)

