

Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321

July 11, 2011

Kimberly J. Gost
267.402.3007 direct
267.402.3000 main
kgost@littler.com

**VIA ECF**

Magistrate Judge Andrew L. Carter, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY  11201

Re:   **Ravenell, et al. v. Avis Budget Car Rental, LLC, et al.**
      **08-cv-2113 (SLT/ALC)**

Dear Judge Carter:

This Firm represents Defendants in the above-referenced matter.  We write in response to Plaintiffs' July 7, 2011 submission concerning the parties' discovery dispute over Plaintiffs' proposed Fed. R. Civ. P. 30(b)(6) deposition topics.[1]

Witnesses have already been produced and testified on Topics 1 through 3, 5 through 9, and 14.  Specifically, Elaine Vitello was deposed on Topics 1 through 3 and 6 through 9, Rose Ann Labar was deposed on Topics 5, 8 and 14.  *See* K. Gost May 19, 2011 letter to Plaintiffs' counsel annexed to Plaintiffs' submission as Exhibit B.  We inquired with Plaintiffs' counsel as recently as July 5 about which areas they believe need further exploration.  *See* K. Gost July 5, 2011 letter to Plaintiffs' counsel annexed to Plaintiffs' submission as Exhibit C.  Rather than respond to Defendants' inquiry, Plaintiffs' counsel sought Court intervention.  Defendants maintain that they have satisfied their obligations by previously producing witnesses to testify on these topics, and that subsequent depositions would be unreasonably cumulative or duplicative, as prohibited by Fed. R. Civ. P. 26(b)(2)(C).  Plaintiffs' counsel's July 7, 2011 letter to the Court does not address these concerns; it simply restates Plaintiffs' arguments.  In addition, Plaintiffs have not explained how the procedural posture of the case alters their need for additional or different testimony on Topics 1 through 3, 5 through 9 and 14.  We cannot imagine how the questions Plaintiffs' counsel previously asked about organizational structure, payroll issues, and the classification decision, among others, would be any different from ones posed now.  Notwithstanding, Defendants remain willing to produce witnesses for further testimony, if Plaintiffs can articulate a need for it.  To avoid any allegations by Plaintiffs' counsel that Defendants are acting hypocritically, we note for the Court that we

---

[1] We note for the Court that Plaintiffs' letter exceeds the 3 page limitation for this type of a submission set forth in Local Rule 37.3.  Moreover, Your Honor's Individual Practice Rules expressly refer the parties to that Local Rule for discovery disputes.  Therefore, we respectfully request that the portions of Plaintiffs' submission that exceed the Local Rule's page limitation be stricken.

littler.com

Magistrate Judge Andrew L. Carter, Jr.
July 11, 2011
Page 2

recently served Plaintiffs Tyler Talkington and Travis Lubbers with notices to be deposed a second time. The amended complaint in this action was filed on September 16, 2009 to allege retaliation claims on behalf of Messrs. Talkington and Lubbers. Docket Entry No. 56. However, both of those individuals were deposed in May 2009. The purpose of these follow-up depositions is to explore their retaliation claims.

Plaintiffs' position on Topic 10 is without merit. Fluctuating workweek is a method of paying overtime to salaried *non-exempt* employees. *See* 29 C.F.R. § 778.114. Plaintiffs are exempt employees. Plaintiffs' counsel now do what they have done repeatedly throughout discovery – modified their pleadings with subsequent letters. Their request is for testimony that "shift managers are subject to a fluctuating workweek method of determining compensation or overtime compensation." Again, this is not the case here, and Defendants have made that clear to Plaintiffs. That said, it is Defendants' position that if they are deemed liable for overtime payments to Shift Managers, their *liability* should be calculated according to the half-time method which courts have fashioned from the fluctuating workweek concept to determine damages in misclassification cases. *See*, e.g., *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351 (4th Cir. Jan. 14, 2011) (applying half-time damage calculation method and also citing to *Urnikis-Negro v. Am. Family Prop. Servs.*, 616 F.3d 665 (7th Cir. 2010), *Clements v. Serco, Inc.*, 530 F.3d 1224 (10th Cir. 2008), *Valerio v. Putnam Assocs., Inc.*, 173 F.3d 35 (1st Cir. 1999) and *Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135 (5th Cir. 1988), all of which applied a half-time calculation in misclassification cases). Even assuming, *arguendo*, that Plaintiffs can broaden their initial deposition notice by now asking for testimony on the "half-time" method for calculating damages, whether such a method is proper hinges on Plaintiffs' testimony as to whether they were aware that their salary covered all hours they worked. Because the facts supporting this methodology rest with Plaintiffs, and the acceptability of the application of this damages formula is a legal matter, there is no need for a 30(b)(6) witness to testify about "the factual basis for calculating overtime damages using the 'half-time' method."

Topics 11, 12, and 13 are the same topics before the Court in a separate dispute. *See* Docket Entry Nos. 311, 312, 315, 316. With regard to Topic 11, the individuals who are the subject of this litigation *are not* non-exempt employees compensated on a salary basis, nor are they entitled to overtime compensation. At base, Topics 12 and 13 request that Defendants reveal the steps they believe were undertaken to ascertain and comply with the FLSA's requirements in good faith. Again, to comply with this request at this time, Defendants' attorneys would be forced to reveal their trial strategy in terms of the evidence to be used in support of Defendants' good faith defenses. Plaintiffs also requested this information in a separate discovery request, the permissibility of which is currently before the Court, and Defendants objected on the same ground. Defendants' position is the same here. The fact that the revelation is now sought by live testimony instead of a written response makes no difference.

Plaintiffs fail to explain how their Topic 15 is not fatally overbroad. Despite Plaintiffs' counsel's assertion that the term complaint is "in fact a common, simple and clearly

Magistrate Judge Andrew L. Carter, Jr.
July 11, 2011
Page 3

understandable word," they fail to define it or dispel Defendants' concerns about its over-breadth. That term could encompass a spectrum of gripes and grievances, from informal conversations at the location level to formal written submissions. Moreover, this matter is plead as a nationwide action, and Defendants do not have a central repository in which "complaints ... by shift managers regarding payment of wages and/or the non-payment of overtime compensation" are catalogued. Therefore, there is no single individual who can testify on this point.

Finally, contrary to Plaintiffs' counsel's position, Topic 17 is co-extensive with the privilege dispute pending before the Court. Although the fact that an audit occurred is not privileged, questions about the audits that extend beyond that fact are improper attempts to encroach on privileged territory. Defendants have repeatedly stated throughout this litigation that they will not rely upon these audits in defending this litigation. It is utterly perplexing why Plaintiffs' counsel persists in arguing that Defendants plan to do otherwise.

Respectfully submitted,

Kimberly J. Gost

cc:   Plaintiffs' counsel (via ECF)
      Defendants' counsel (via ECF)