

Littler Mendelson, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321

Kimberly J. Gost
267.402.3007 direct
267.402.3000 main
kgost@littler.com

August 15, 2011

**VIA ECF**

Honorable Andrew L. Carter, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   **Ravenell, et al. v. Avis Budget Car Rental LLC, et al.**
      **Case No. 08-cv-2113 (SLT/ALC)**

Dear Judge Carter:

This Firm represents the Defendants in the above-captioned matter. We write in response to Plaintiffs' August 9, 2011 letter motion to compel responses to Plaintiffs' Supplemental Interrogatory. Plaintiffs are requesting that Defendants identify the information upon which they will rely in a brief they will not file for over three months from now. For the following reasons, that type of discovery request is inappropriate, and also premature.

By way of background, this FLSA collective action is proceeding under a two-step process.[1] Under the first step, Judge Townes *conditionally* certified this case as a collective action and authorized the sending of Notice. Once the Notice period (or Opt-In period) closed, the parties then proceeded to engage in merits discovery. After the November 11, 2011 close of the merits discovery period, Defendants will move this Court to decertify this action. This dispute centers around Plaintiffs request that Defendants "[p]lease list all evidence that supports Defendants' contention that because the members of the opt-in collective class in this action are not similarly situated, the case should be decertified."

Plaintiffs' counsel are experienced class action litigators, and they are aware that Defendants will make similar legal and factual arguments as those that were made previously to Judge Townes in the first step briefing, albeit supported by additional evidence, as is the usual motion practice for this type of case. Thus, Plaintiffs' insinuation that they would be put at a disadvantage by Defendants' meritorious refusal to comply with their request is disingenuous. In fact, they are the ones seeking an unfair advantage. By requesting that Defendants' attorneys be required to expound on their mental impressions, all of which are protected from

---

[1] Defendants reserve for another day any argument as to the propriety of the two-step process for "certifying" FLSA collective actions.

Honorable Andrew L. Carter, Jr.
August 15, 2011
Page 2

disclosure by the attorney work product doctrine, Plaintiffs are trying to force Defendants into writing their brief with a level of detail that is not appropriate at this stage.

Indeed, with regard to the premature nature of Plaintiffs' request, Plaintiffs minimize the work still to be done on this matter. Discovery does not close until November 11, 2011, which is approximately 90 days away. The parties have several outstanding opt-in depositions and, potentially, a 30(b)(6) deposition to conduct, depending on how Your Honor rules upon Plaintiffs' request to take such a deposition for the second time. Defendants have also noticed the depositions of Plaintiffs Talkington and Plaintiffs Lubbers on their individual retaliation claims. Defendants also have to respond to Plaintiffs' discovery requests dated August 10, 2011, all between now and the discovery deadline. Due to the amount of discovery that has already taken place, let alone the discovery that will take place in the next 90 days, Plaintiffs' suggestion that Defendants have already, or should have already, identified which documents and evidence they will rely upon, and that they are not sharing it for the sake of gamesmanship, is wrong. Again, Plaintiffs already know Defendants' arguments for decertification. Defendants have not yet selected the documents and testimony they will rely upon, and they should not be required to identify that evidence prior to filing their motion.

Moreover, it is Defendants' genuine position that all of the documents produced and testimony taken in this matter support their position that Plaintiffs are not similarly situated with respect to the alleged wrong (i.e., misclassification). Judge Townes relied, in part, on the fact of a common job description as support for her conditional certification holding. Although Plaintiffs were happy to have the Court authorize the sending of Notice on the basis of a single job description, they *do not* want to litigate the merits of their case on the basis of that same job description because the job description describes an exempt position. Instead, Plaintiffs want to rely on individual testimony, and individualized evidence, as support for their claim that the job duties they actually perform are non-exempt and, hence, they are misclassified. It is Plaintiffs reliance on individualized testimony and individualized evidence that proves that this case cannot proceed as a collective action – i.e., there is no common evidence that can be used to render the ultimate determination of whether Plaintiffs are properly or improperly classified as exempt employees. The Court will instead need to hear individually from each and every Plaintiff and Opt-In Plaintiff. Consequently, Defendants will succeed at the decertification stage.

The cases cited by Plaintiffs in support of their position are inapposite. For instance, in *County of Suffolk v. LILCO*, 1988 U.S. Dist. LEXIS 6606 (E.D.N.Y. June 10, 1988), this Court held that a contention interrogatory propounded by defendants early in the litigation that tracked the allegations in the complaint and requested all facts, all documents and the identity of all individuals with knowledge of the facts which support the allegations, was inappropriate. Defendants do not allege that Plaintiffs' request is analogous to the request in *LILCO*, nor do they believe that the only circumstances under which a contention interrogatory is inappropriate are those presented in *LILCO*. As Plaintiffs themselves

Honorable Andrew L. Carter, Jr.
August 15, 2011
Page 3

acknowledge, although the parties have engaged in extensive discovery in this matter, they still have three more months to go. Plaintiffs try to minimize that time by inferring that discovery is basically over. However, more information and evidence will likely come to light in the next 90 days over the course of the three depositions and as a result of the documents produced that relate to those deponents, and in response to Plaintiffs' August 9, 2011 discovery requests. Defendants may rely upon all or part of this as-of-yet produced evidence, the same way it may rely on all or part of the voluminous evidence already amassed.

In addition, requiring Defendants to respond to this request now would create an undue burden on them for naught, because Plaintiffs would not receive any accompanying benefit. The parties' legal positions are well staked out. For Defendants to respond, they would have to suspend their current discovery efforts to review many deposition transcripts and the 300,000 or so pages produced during discovery thus far, all to identify evidence they may rely upon for a brief that has not even been written. Plaintiffs, for their part, failed to even state why they need this information now, other than saying at page 2 of their letter that it would be useful. The truth is that Plaintiffs will not conduct their future discovery any differently whether or not they have that information, nor will they suffer any prejudice by Defendants being relieved from engaging in this overly burdensome, premature exercise. Because Plaintiffs know what Defendants' arguments will be, there is no need to put Defendants through this burdensome effort.

Lastly, as stated in Defendants' responses to this discovery request, responding to the request would require Defendants' counsel to choose and disclose those documents which it thinks are most important. Therefore, notwithstanding Plaintiffs' position, for which they cite no applicable case law, compelling Defendants to respond to this contention interrogatory would require its attorneys to disclose their work product/mental impressions in advance of filing their Motion.

Respectfully submitted,

*/s/Kimberly J. Gost*
Kimberly J. Gost (KG0881)

cc:   Plaintiffs' counsel (via ECF)