UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MATT RAVENELL, et al., individually
and on behalf of all other persons similarly
situated,

                Plaintiffs,                              Report & Recommendation
                                                                      08-CV-2113 (SLT)

      -against-

AVIS BUDGET GROUP, INC. et al.,

                Defendants.
-------------------------------------------------------x
*Gold, S., United States Magistrate Judge*:

        Defendants have moved to dismiss opt-in plaintiff Sharif Butt from this Fair Labor Standards Act ("FLSA") action under Federal Rule of Civil Procedure 37(d). *See* Docket Entry 347. Plaintiffs do not oppose the motion. The Honorable Sandra L. Townes referred this motion for a report and recommendation.[1] Docket Entry 349. For the reasons stated below, I respectfully recommend that the plaintiff Butt's claims be dismissed without prejudice to refile.

        Under the Federal Rules of Civil Procedure, the Court may order sanctions upon a motion and certification from the movant that it has attempted to contact the party, if that "party . . . fails, after being served with proper notice, to appear for that person's deposition," or the "party, after being properly served with interrogatories . . . fails to serve its answers, objections, or written response." FED. R. CIV. PROC. 37(d)(1). The sanctions available to the Court include "dismissing the action or proceeding in whole or in part." FED. R. CIV. PROC. 37(b)(2)(A)(v).

        The Second Circuit has suggested several factors that courts should consider in determining whether dismissal is appropriate as a Rule 37 sanction: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the efficacy of lesser sanctions; (3)

---

[1] The motion was originally referred to Magistrate Judge Carter, who was then assigned to this case. The case was subsequently assigned to me on December 8, 2012.

the duration of the period of non-compliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (internal citations omitted). These considerations are, however, "not exclusive, and they need not each be resolved against the party challenging the district court's sanctions" because "the text of the rule requires only that the district court's order be 'just' . . . and the district court has wide discretion in imposing sanctions under Rule 37." *S. New England Telephone Co. v. Global NAPs, Inc.*, 624 F.3d 123, 144 (2d Cir. 2010) (internal citations omitted). *But see Morangelli v. Chemed Corp.*, 2011 WL 7475, at *1 (E.D.N.Y. Jan. 1, 2011) (noting that courts have found that dismissal is generally appropriate only where "the court finds ' . . . fault on the part of the prospective deponent' and warns the plaintiff of this potential consequence for non-compliance" (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 764 (2d Cir. 1990))).

      Considering particularly the duration of his failure to respond to discovery demands, Mr. Butt's actions warrant dismissal. The plaintiff consented to become a part of this FLSA action under 29 U.S.C. § 216(b) on November 4, 2010. Docket Entry 140. On December 3, 2010, the Court ordered the defendants to depose 20 individual plaintiffs; plaintiffs chosen for these initial depositions included Mr. Butt, who was noticed on January 27, 2011 for a deposition to be held on March 29, 2011. *See* Dec. 3, 2010 Minute Entry; Defs. Mot. to Dismiss, Ex. A at 4.[2] On the same date, defendants' counsel served requests for production on Mr. Butt. Defs. Mot. to Dismiss, Ex. C at 11. Mr. Butt did not respond to either the request to finalize a deposition date or the requests for production. *Id.*, Ex. B (including a March 22, 2011 email from plaintiffs' counsel to defendants' counsel regarding attempts to reach plaintiff); *see also* Rudich Decl. ¶ 7-8, 11 (stating that since a conversation in early February 2011, Mr. Butt had not "responded to

---

[2] "Defs. Mot. to Dismiss" refers to defendants' motion to dismiss opt-in plaintiff Sharif Butt, Docket Entry 347.

[plaintiffs' counsel's] repeated telephone, email and postal communications").[3]  Plaintiffs' counsel contacted defendants on March 31, 2011 to convey that she was unable to reach Mr. Butt despite "diligently made repeated attempts to contact" him by "mail, email, FedEx and telephone" and stated her belief that it would "be necessary for [defendants] to choose a replacement opt-in [plaintiff] to depose in his place."  Defs. Mot. to Dismiss, Ex. D at 2.

Defendants submitted a letter requesting a pre-motion conference in order to file the instant motion on May 11, 2011.  *See* Docket Entry 307.  Plaintiffs' counsel subsequently filed a motion to withdraw as Mr. Butt's attorney on May 17, 2011 due to Mr. Butt's failure to participate in discovery.  Docket Entry 309.  The motion to withdraw was granted on June 1, 2011, and the Court's Order granting withdrawal, defendants' pre-motion letter regarding the motion to dismiss, and plaintiffs' counsel's motion to withdraw were all served on Mr. Butt on June 3, 2011.  *See* Docket Entry 313.  The Order gave Mr. Butt until July 1, 2011 to respond, but no response was filed, and no attorney appeared on Mr. Butt's behalf.  Judge Townes therefore ordered that Butt file a status report as a *pro se* plaintiff by August 12, 2011, or that the case against him be dismissed, without prejudice under Federal Rule of Civil Procedure 41(b).[4]  Docket Entry 327.  The motion before me today was then filed on November 2, 2011, Docket Entry 347, and mailed by Federal Express to Mr. Butt on November 3, 2011, Docket Entry 348.  As of today's date, Mr. Butt has not filed any response to the motions or orders.

The above facts demonstrate that, despite documented service on Mr. Butt, he has failed to respond to requests for discovery and to the motions for withdrawal of his attorney and to

---

[3] "Rudich Decl." refers to the declaration of plaintiffs' attorney Fran L. Rudich, Docket Entry 309-3.  The declaration was made as part of plaintiff's motion to withdraw as Mr. Butt's attorney.  Docket Entry 309.  The motion was subsequently granted by Judge Carter.  *See* June 1, 2011 Minute Entry.

[4] Although Judge Townes' Order cites Rule 41(b), which addresses dismissal for failure to prosecute, and defendants have moved here under Rule 37, the analyses under the two are not distinct.  Courts have noted that "the pertinent criteria" for dismissal under both rules "are largely parallel."  *Dauphin v. Chestnut Ridge Transp.*, 2009 WL 5103286, at *2 (S.D.N.Y. Dec. 28, 2009) (citing *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 193-94 (2d Cir. 1999); *Dodson v. Runyon*, 86 F.3d 37, 39-40 (2d Cir. 1996)).

dismiss his claims. His lack of involvement in the lawsuit has persisted for nearly one year, and there is no indication that he will seek to become involved again. However, because Judge Townes' Order regarding the possibility of dismissal stated that dismissal would be without prejudice to refile and because, while it is likely that the Order was mailed to Mr. Butt, there is no documentation of service on the record, I recommend that dismissal be without prejudice. Mr. Butt further has the opportunity to oppose dismissal of his claims by filing objections to this Report and Recommendation within fourteen days after service of the Report, and, in any event, no later than February 16, 2012. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. PROC. 72(b). Failure to file timely objections may waive the right to appeal the District Court's order. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (discussing waiver under the former ten day limit). Defendants' counsel is directed to serve plaintiff with this Report forthwith and to provide proof of service.

/s/
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
January 27, 2012

*U:\rmk 2011-12\Ravenell v Avis Budget Grp\Ravenell v Avis Motion to Dismiss Plaintiff R&R*.docx