UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MATT RAVENELL, TRAVIS LUBBERS, and TYLER TALKINGTON, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>AVIS BUDGET CAR RENTAL, LLC and AVIS RENT A CAR SYSTEM, LLC,<br><br>        Defendants. | Index No. 08-cv-02113-SLT-SMG |

**DEFENDANTS' MEMORANDUM OF LAW IN
<u>SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

**TABLE OF CONTENTS**

I.   INTRODUCTION ............................................................................................................1

II.  STATEMENT OF UNDISPUTED FACTS ...................................................................2

     A.   Written Opt-In Consent Forms ............................................................................2

     B.   Relevant Dates Of Employment ..........................................................................2

III. ARGUMENT ...................................................................................................................3

     A.   Legal Standard .....................................................................................................3

     B.   Six Opt-In Plaintiffs' Claims Are Time Barred ...................................................4

          1.   Even Assuming, *Arguendo*, A Three Year Statute Of Limitations
               Applies, Six Opt-In Plaintiffs' FLSA Claims Are Time Barred ...........5

     C.   Opt-In Plaintiff Wesley Houston Is Not A Proper Plaintiff Because He Does Not
          Satisfy The Class Definition ................................................................................6

IV.  CONCLUSION ................................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Acosta v. Yale Club*,
  1995 U.S. Dist. LEXIS 14881 (S.D.N.Y. Oct. 12, 1995) ............................................................. 4

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986) ................................................................................................................. 3,4

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986) ................................................................................................................... 4

*Colozzi v. St. Joseph's Hospital Health Center*,
  2010 U.S. Dist. LEXIS 29700 (N.D.N.Y. March 26, 2010) ....................................................... 6

*El v. Potter*,
  2004 U.S. Dist. LEXIS 24447 (S.D.N.Y. Dec. 6, 2004) ............................................................. 4

*Globecon Group, LLC v. Hartford Fire Ins. Co.*,
  434 F.3d 165 (2d Cir. 2006) ....................................................................................................... 3

*Gonzalez v. El Acajutla Restaurant, Inc.*,
  2007 U.S. Dist. LEXIS 19690 (E.D.N.Y. Mar. 20, 2007) ........................................................... 5

*Nichols v. Mahoney*,
  608 F. Supp. 2d 526 (S.D.N.Y. 2009) ........................................................................................ 4

**FEDERAL STATUTES**

29 U.S.C. § 255(a) ........................................................................................................................... 4
29 U.S.C. § 256(b) ........................................................................................................................... 4

**RULES**

Federal Rule of Civil Procedure 56(c) ........................................................................................... 3

I.     INTRODUCTION

Plaintiffs Matt Ravenell, Travis Lubbers, and Tyler Talkington are former Shift Managers for Defendant Avis Budget Car Rental, LLC or for Defendant Avis Rent A Car System, LLC (hereinafter and collectively referred to as "Avis").  Plaintiffs allege that they and other Shift Managers were misclassified as exempt from the overtime requirements of the FLSA, 29 U.S.C. § 207.  (Am. Compl. ¶¶ 46-55.)  Plaintiffs seek to proceed not only on their own behalf, but also on behalf of a collective consisting of other individuals who worked, or who work, as Shift Managers for Avis. (Am. Compl. ¶¶ 22-27.)  On July 19, 2010, this Court conditionally certified this case as a collective action under 29 U.S.C. § 216(b) and subsequently authorized Plaintiff to send notice of the lawsuit to approximately 886 current and former Shift Managers, so that they could decide whether or not to opt in.  The class definition was as follows:

> Present and past employees of Avis Budget Car Rental, LLC or Avis Rent A Car System, LLC (collectively "Avis"), who work or worked as a Shift Manager at an Avis branded location at any time from August 10, 2007 to the present.

As a result, 191 individuals joined the action as Plaintiffs.  Discovery ended on February 21, 2013.  Avis filed a pre-motion conference letter on March 21, 2013 to request permission to file this motion, which the Court granted by Order dated April 3, 2013.

Avis now moves for summary judgment in their favor and against six opt-in Plaintiffs: 1) Miraieur By, 2) Matthew Ditmer, 3) Bill McDonald, 4) Virgil Murphy, 5) Emily Pfeffer, and 6) David Potts because their claims are time barred.  Avis also moves for summary judgment against opt-in Plaintiff Wesley Houston because he never worked for either Defendant and thus falls outside of the conditionally certified class.[1,2]

---

[1] On May 10, 2013, Avis filed its Motion for Decertification of the Conditionally Certified Class with counsel for the Plaintiffs.  The completed briefing on that motion will be filed with the Court on August 5, 2013.  *See* Docket No. 411.  As the facts of the instant Motion demonstrate, each Plaintiff and Opt-In Plaintiff has unique factual circumstances that relate to statute of limitations issues as well as the underlying overtime claim.  Such unique factual circumstances compel decertification.

## II. STATEMENT OF UNDISPUTED FACTS

### A. Written Opt-In Consent Forms

Each of the seven opt-in Plaintiffs against whom Avis moves for summary judgment filed written opt-in consent forms to join this case.

- Miraieur By filed a written opt-in consent form on November 5, 2010. (Dkt. No. 148.)

- Matthew Ditmer filed a written opt-in consent form on November 2, 2010. (Dkt. No. 150.)

- Bill McDonald filed a written opt-in consent form on December 20, 2010. (Dkt. No. 251.)

- Virgil Murphy filed a written opt-in consent form on January 6, 2011. (Dkt. No. 287.)

- Emily Pfeffer filed a written opt-in consent form on December 30, 2010. (Dkt. No. 276.)

- David Potts filed a written opt-in consent form on October 24, 2010. (Dkt. No. 253.)

- Wesley Houston filed a written opt-in consent form on November 12, 2010. (Dkt. No. 205.)

### B. Relevant Dates Of Employment

The dates that each individual who is subject to this motion worked as a Shift Manager are as follows:

- Miraieur By worked as an Avis Shift Manager from November 5, 2005 until September 27, 2007. (Defendants' Statement of Undisputed Material Facts, hereinafter referred to as "SOF," ¶1.)

- Matthew Ditmer worked as an Avis Shift Manager from April 30, 2007 until October 12, 2007. (SOF ¶3.)

- Bill McDonald worked as an Avis Shift Manager from January 1, 2007 until October 30, 2007. (SOF ¶5.)

---

[2] Defendants served a version of this motion on May 10, 2013 on counsel for Plaintiffs and on Mr. Houston, who, at that time, was proceeding *pro se*. Since then, opt-in Plaintiff Michael Coari (a subject of Defendants' first motion) withdrew from the action. (Docket No. 412). On July 25, 2013, this Court granted the motion to withdraw as counsel for opt-in Plaintiffs By, Ditmer, McDonald, Murphy, Pfeffer, and Potts filed by Klafter Olsen & Lesser LLP. Defendants now file and serve this revised motion on the opt-in Plaintiffs directly.

2

- Virgil Murphy worked as an Avis Shift Manager from July 29, 2005 until November 1, 2007.  (SOF ¶7.)

- Emily Pfeffer worked as an Avis Shift Manager from September 14, 2006 until September 17, 2007.  (SOF ¶9.)

- David Potts worked as an Avis Shift Manager from January 1, 2004 until September 29, 2007.  (SOF ¶11.)

- Wesley Houston worked for Budget Rent A Car System, Inc. as a Shift Manager from September 17, 2007 until September 13, 2008.  Mr. Houston never worked for Avis (or, to be more specific, for either named Defendant in this action) as a Shift Manager.  (SOF ¶13.)

### III.   ARGUMENT

Summary judgment should be granted against six of the opt-in Plaintiffs because there is no genuine issue of material fact to dispute that their FLSA claims are time-barred and against one of the opt-in Plaintiffs because there is no genuine issue of material fact to dispute that he falls outside of the conditionally certified class definition.

#### A.   Legal Standard.

The standards for summary judgment are well settled.  Pursuant to Federal Rule of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Globecon Group, LLC v. Hartford Fire Ins. Co.*, 434 F.3d 165, 170 (2d Cir. 2006).

Avis is entitled to summary judgment because there are no issues as to any material fact regarding the timeliness of six of the opt-in Plaintiffs' claims and regarding the employer of one of the opt-in Plaintiffs.  *See* Fed. R. Civ. P. 56(c).  "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is meant to "isolate and dispose of factually unsupported claims or defenses" and is proper against "a party who fails to make a showing sufficient to establish the

3

existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-34 (1986).  The "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.   Because the opt-in Plaintiffs discussed in this Motion will be unable to satisfy the legal requirements necessary to establish their claims in this action, summary judgment is not only appropriate, but mandated.  See *Celotex*, 477 U.S. at 322.

        **B.**        **Six Opt-In Plaintiffs' Claims Are Time Barred.**

Summary judgment should be granted in Defendants favor against opt-in Plaintiffs Miraieur By, Matthew Ditmer, Bill McDonald, Virgil Murphy, Emily Pfeffer, and David Potts because none of these individuals commenced an action against Avis prior to the expiration of the longest statute of limitations period potentially available to their claims.  An action is considered commenced when an individual files a written opt-in consent form with the Court.  See 29 U.S.C. § 256(b);  *El v. Potter*, 2004 U.S. Dist. LEXIS 24447, at *8 (S.D.N.Y. Dec. 6, 2004) ("all plaintiffs, including named plaintiffs, must file written consents in order to begin their [FLSA collective action] lawsuits … a suit does not begin until a consent has been filed.")

There are two potential statute of limitations periods available under the FLSA.  The FLSA mandates a two-year statute of limitations, unless a willful violation is shown, in which case, the statute of limitations is three years.  See 29 U.S.C. § 255(a); *Nichols v. Mahoney*, 608 F. Supp. 2d 526, 548 (S.D.N.Y. 2009).

Courts have held that for the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period.  See *Acosta v. Yale Club*, 1995 U.S. Dist. LEXIS 14881, at *8 (S.D.N.Y. Oct. 12, 1995) ("In FLSA cases involving overtime pay, a new cause of action accrues for purposes of § 255(a) at each regular payday immediately following the workweek during which services were rendered and for which overtime compensation is claimed.").

1.  **Even Assuming, *Arguendo*, A Three Year Statute Of Limitations Applies, Six Opt-In Plaintiffs' FLSA Claims Are Time Barred**

Summary judgment should be granted because six opt-in Plaintiffs accrued no claims within the longest potentially applicable limitations period arising out of their work performed as Shift Managers for Avis.

If a three-year statute of limitations applies in this matter (which Avis denies), individuals would be entitled to assert claims that accrued within three years of filing their opt-in consent forms. The last possible date that each of the six opt-in Plaintiffs referenced herein could have filed an opt-in form is reflected in the third column of the following chart:

| Disputed Employee Name | Last Date Worked As A Shift Manager For Avis | Last Date To Opt-In | Actual Opt-In Date |
| --- | --- | --- | --- |
| Miraieur By | September 27, 2007 | September 27, 2010 | November 5, 2010 |
| Matthew Ditmer | October 12, 2007 | October 12, 2010 | November 2, 2010 |
| Bill McDonald | October 30, 2007 | October 30, 2010 | December 20, 2010 |
| Virgil Murphy | November 1, 2007 | November 1, 2010 | January 6, 2011 |
| Emily Pfeffer | September 17, 2007 | September 17, 2010 | December 30, 2010 |
| David Potts | September 29, 2007 | September 29, 2010 | October 24, 2010 |

These six opt-in Plaintiffs cannot prove any fact that would entitle them to recover under the FLSA. As such, Avis is entitled to summary judgment against each of them because even if liability is established, none of these six opt-in Plaintiffs can prove any damages. *See Gonzalez v. El Acajutla Restaurant, Inc.*, 2007 U.S. Dist. LEXIS 19690, at *17 (E.D.N.Y. Mar. 20, 2007) (granting summary

judgment to employer where opt-in plaintiffs filed untimely consent forms and therefore could not prove any damages.)

### C. Opt-In Plaintiff Wesley Houston Is Not A Proper Plaintiff Because He Does Not Satisfy The Class Definition

Wesley Houston is an improper opt-in Plaintiff because he is not a member of the class that received notice in this matter pursuant to 29 U.S.C. § 216(b). Thus, Mr. Houston has no standing to pursue a claim against Defendants. Specifically, Mr. Houston worked for Budget Rent A Car System, Inc. as a Shift Manager from September 17, 2007 until September 13, 2008. (SOF ¶ 13.) Mr. Houston never worked for either named Defendant in this action as a Shift Manager. (SOF ¶ 13.) Because Mr. Houston necessarily falls outside of the conditionally certified class, Defendants are entitled to summary judgment against him and his claim must be dismissed. *See Colozzi v. St. Joseph's Hospital Health Center*, 2010 U.S. Dist. LEXIS 29700, at \*\*3-4 (N.D.N.Y. March 26, 2010) (dismissing claims of opt-in plaintiffs who did not work for the named defendant).

### IV. CONCLUSION

For the reasons set forth above, this Court should grant Defendants' Motion for Partial Summary Judgment and dismiss the claims of seven opt-in Plaintiffs: 1) Miraieur By, 2) Matthew Ditmer, 3) Bill McDonald, 4) Virgil Murphy, 5) Emily Pfeffer, 6) David Potts, and 7) Wesley Houston.

Date: July 29, 2013            Respectfully submitted,

*/s/ Kimberly J. Gost*
Kimberly J. Gost (KG0881)
Matthew J. Hank (*admitted pro hac vice*)
Nina K. Markey (*admitted pro hac vice*)
Sarah Bryan Fask (*admitted pro hac vice*)
Holly E. Rich (HR1208)
LITTLER MENDELSON, P.C.
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA 19102.1321
267.402.3000 – phone
267.402.3131 – fax

Attorneys for Defendants