UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MATT RAVENELL, individually and on behalf
of all other persons similarly situated, et al,

                        Plaintiff,                    **MEMORANDUM & ORDER**

      - against -                             08-cv-2113 (SLT) (SMG)

AVIS BUDGET GROUP, INC. et al,

                        Defendants.
----------------------------------------------------------X
**TOWNES, United States District Judge,**

      Plaintiffs Matt Ravenell, Travis Lubbers, and Tyler Talkington, former shift managers employed by Avis Budget Car Rental, LLC and Avis Rent a Car System LLC (collectively "Avis") commenced this action against Avis for, *inter alia*, alleged violations of the Fair Labor Standards Act ("FLSA"). On July 19, 2010, this Court conditionally certified this case as a collective action under 29 U.S.C. § 216(b) and authorized plaintiffs' counsel to send notice of the lawsuit to current and former Avis shift managers. (Dkt. No. 83.) Among those who responded and joined the action as opt-in plaintiffs were: (1) Miraieur By, (2) Matthew Ditmer, (3) Bill McDonald, (4) Virgil Murphy, (5) Emily Pfeffer, and (6) David Potts (collectively, the "Plaintiffs at Issue"). (Dkt Nos. 148, 150, 251, 253, and 287.) Plaintiffs' counsel entered appearances on behalf of the Plaintiffs at Issue. (Dkt Nos. 300.) After the Plaintiffs at Issue failed to communicate with their counsel, Chief Magistrate Judge Gold granted Plaintiffs' counsel's unopposed motion to withdraw as counsel for them. (Dkt. Nos. 413, 417.) The Plaintiffs at Issue are now unrepresented. Currently before this Court is Avis's motion for summary judgment against By, Ditmer, McDonald, Murphy, and Pfeffer on the basis that their claims are time barred, and against Potts on the basis that he falls outside the conditionally

certified class. (Dkt. No. 424.) Appended to Avis's Local Rule 56.1 Statement are several spreadsheets described in the aforementioned 56.1 Statement as "Oracle Job History Reports." (Dkt. No. 424-3, Exs. A-G.)

Summary judgment is "only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact and one party's entitlement to judgment as a matter of law." *Esposito v. Quatinez*, 09 CV 0421 DRH GRB, 2014 WL 842766, at *2 (E.D.N.Y. Mar. 5, 2014). "No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor." *Id.* To reiterate, the party seeking summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). It is thus essential for a party moving for summary judgment to produce *admissible* evidence. *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) ("[O]nly admissible evidence need be considered by the trial court in ruling on a motion for summary judgment.").

A district court deciding a summary judgment motion "has broad discretion in choosing whether to admit evidence." *Raskin v. Wyatt Co.*, 125 F.3d 55, 65-66 (2d Cir. 1997) ("Because the purpose of summary judgment is to weed out cases in which 'there is no genuine issue as to any material fact ...' Fed. R. Civ. P. 56(c), it is appropriate for district courts to decide questions regarding the admissibility of evidence on summary judgment."); *see also Presbyterian Church of Sudan v. Talisman Energy, Inc.*, 582 F.3d 244, 264 (2d Cir. 2009). Consequently "[a]lthough disputes as to the validity of the underlying data go to the weight of the evidence, and are for the

fact-finder to resolve, questions of admissibility are properly resolved by the court." *Id.* (internal citations omitted).

"The principles governing admissibility of evidence do not change on a motion for summary judgment." *Id.* at 66. Thus, a movant who relies on business records must introduce those records in a manner, typically through a custodian's affidavit, that identifies them and establishes that they are admissible under Federal Rule of Evidence 803(6). *Koon Chun Hing Kee Soy & Sauce Factory, Ltd. v. Star Mark Mgmt., Inc.*, 04CV2293(JFB)(SMG), 2007 WL 74304, at *3 (E.D.N.Y. Jan. 8, 2007) ("[W]hen offering business records in support of a motion for summary judgment, in order to avoid the bar against hearsay, the offering party should present an affidavit 'from a document custodian' that 'explain[s] whether [the records] were kept in the ordinary course of business,' although that person 'need not have personal knowledge of the actual creation of the document.'") (quoting *Tradax Energy, Inc. v. Cedar Petrochemicals, Inc.*, 317 F. Supp. 2d 373, 378-79 (S.D.N.Y. 2004)); *see also Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000) ("[A]t the summary judgment stage, the party seeking to offer the business record must attach an affidavit sworn to by a person who would be qualified to introduce the record as evidence at trial, for example, a custodian or anyone qualified to speak from personal knowledge that the documents were admissible business records."). Otherwise, the Court may not rely on those documents. *See Flaherty v. Coughlin*, 713 F.2d 10, 14 (2d Cir. 1983) (finding "verification ... a prerequisite to grant summary judgment" where motion was "accompanied by a variety of relevant documents but without verification either that they were authentic or that they constituted all the relevant documents in the defendants' possession"); *Singh v. Bay Crane Servs., Inc.*, 11 CV 720 RJD RER, 2013 WL 5655931, at *2 n.4 (E.D.N.Y. Oct. 11, 2013) (noting that while documents "certainly appear to be admissible business records,

3

they are not self-authenticating, and the declaration of [plaintiff's] attorney does not provide the Court with all the information necessary to establish their admissibility under Federal Rule of Evidence 803."); *Kasper Global Collection & Brokers, Inc. v. Global Cabinets & Furniture Mfrs. Inc.*, 952 F. Supp. 2d 542, 573 (S.D.N.Y. 2013) (declining to consider invoices submitted in support of summary judgment motion because movant did not demonstrate their admissibility); *Oyibo-Ebije v. NYC HRA*, 10 CIV. 1748 DAB, 2013 WL 415608 (S.D.N.Y. Jan. 29, 2013) (declining to consider evidence where defendants did not demonstrate admissibility or authenticity). For example, in *Tradax Energy*, the Southern District refused to consider documents submitted in support of a summary judgment motion that were attached to an affidavit that "merely identifie[d] the relevant documents, without explaining whether they were kept in the ordinary course of business." 317 F. Supp. 2d at 379. The Court explained that:

> [i]n the typical summary judgment motion involving business documents, the record contains affidavits, almost certainly drafted by lawyers, in which the relevant custodian makes a declaration tracking exactly the language of Rule 803(6). Those affidavits may seem perfunctory and they may not receive much attention either in the briefing or in the courts' decisions, but those affidavits are necessary for admissibility under the Federal Rules. Were the Court to excuse the defect, the Court would be grafting a judicial exception upon the admissibility requirement of Federal Rule of Civil Procedure 56(e).

*Id.*

Here, Avis has submitted Bates stamped spreadsheets described in Avis's Local Rule 56.1 Statement as "Oracle Job History Reports." (Dkt. No. 424-2). Avis has not, however, submitted any affidavit purporting to explain what these documents are, who made them, or why they are admissible, and this Court cannot rely on them. Because Avis's motion for partial summary judgment is completely unsupported, Avis has not met its burden of demonstrating, by admissible evidence, the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

Accordingly, Avis's motion is denied without prejudice and Avis has leave refile its motion supported by *admissible* evidence.

## CONCLUSION

Avis's motion for summary judgment is denied without prejudice. Avis is granted leave to refile its motion.

**SO ORDERED**

                                              s/
                                    SANDRA L. TOWNES
                                    United States District Judge

Dated: Brooklyn, New York
         March 31, 2014