# KLAFTER OLSEN & LESSER LLP
## ATTORNEYS AT LAW

TWO INTERNATIONAL DRIVE • SUITE 350 • RYE BROOK, NY 10573
914-934-9200 • FAX 914-934-9220 • www.klafterolsen.com

July 31, 2015

**VIA ECF**
Hon. Sandra L. Townes
United States District Court
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    *Ravenell v. Avis Budget Car Rental, LLC.,* No. 08-cv-2113-SLT-SMG
             *Ruffin v. Avis Budget Car Rental, LLC*, No. 15-cv-3618-SLT-SMG

Dear Judge Townes:

      The parties are pleased to propose a settlement (the "Settlement") of *Ravenell* and *Ruffin*, the two above-referenced FLSA collective action cases. This litigation has been hard fought for seven years. The Settlement encompasses five Named Plaintiffs and 246 other Opt-ins (together "Plaintiffs"). *Ravenell* was originally filed in this Court; *Ruffin* was filed in the District of New Jersey and then transferred to this Court for settlement purposes. On March 6, 2015, the parties entered into an all-day mediation with former United States Magistrate Judge Diane Welsh at which they agreed to resolve the cases. [1]

      Per the Court's Order of July 25, 2015, the parties submit this joint letter memorandum setting forth why the Settlement Agreement, previously provided to the Court, should be approved. The parties first address why the Settlement represents a fair and reasonable resolution of a *bona fide* FLSA dispute. Plaintiffs' counsel then address why the attorneys' fees, expenses, and service awards set forth in the Settlement Agreement are fair and reasonable.

    A.    <u>The Settlement Resolves Contested Litigation Over A *Bona Fide* Dispute</u>

      Courts in this Circuit "approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Archer v. TNT USA, Inc.*, 12 F. Supp. 3d 373, 387 (E.D.N.Y. 2014). Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-54 (11th Cir. 1982); *Silverstein v. Alliance Bernstein L.P.*, 2013 U.S. Dist. LEXIS 179734, at *18 (S.D.N.Y. Dec. 20, 2013). If the proposed settlement reflects a reasonable compromise over contested issues, the

---

[1] The amount of the settlement will be withheld from this letter memorandum, as the issue of whether the settlement agreement will be publicly filed on PACER is not yet resolved.



NEW YORK • NEW JERSEY • WASHINGTON, DC

court should approve the settlement. *Lynn's Food Stores*, 679 F.2d at 1354; *Silverstein*, 2013 U.S. Dist. LEXIS 179734, at *19.

    1.    *Ravenell* **and** *Ruffin* **Were Vigorously Contested**

On May 23, 2008, Plaintiff Matt Ravenell filed his initial Complaint in this Court alleging violations of the FLSA on behalf of Mr. Ravenell and other Avis Shift Managers. Specifically, Mr. Ravenell alleged that he and others were improperly classified as exempt from the overtime requirements of the FLSA and, as such, were entitled to recover overtime pay for all hours worked over 40 in a week. In 2011, Plaintiffs Frederick Ruffin, Jr. and Loretta Donatelli filed the parallel *Ruffin* action. Avis maintained, and continues to maintain, that it properly classified its Shift Managers.

The dockets in both *Ravenell* and *Ruffin* reflect litigation that has been hard fought on both sides. In both cases, after first-stage discovery, Plaintiffs moved for and obtained, over Defendants' oppositions, conditional certification. *See Ruffin v. Avis Budget Car Rental, LLC*, 2012 U.S. Dist. LEXIS 89651 (D.N.J. June 28, 2012); *Ravenell v. Avis Budget Car Rental, LLC,* 2010 U.S. Dist. LEXIS 72563 (E.D.N.Y. July 19, 2010). Following conditional certification, more than 220 people joined the cases. Second-stage discovery followed. In addition to documents being produced and analyzed, the parties had discovery disputes that led to several rulings by the various Magistrates assigned to these actions. Roughly 50 individuals (opt-ins and Avis corporate representatives) were deposed in the actions. *See e.g. Ravenell* Dkt. Nos. 311, 312, 320, 331; *Ruffin* Dkt. Nos. 27, 160. To the extent feasible, discovery in one action was utilized in the other action.

On August 2, 2013, Avis moved for decertification in *Ruffin*, which motion was denied. *Ruffin v. Avis Budget Car Rental, LLC*, 2014 U.S. Dist. LEXIS 9562 (D.N.J. Jan. 27, 2014). Avis subsequently moved to certify the decertification decision for interlocutory appeal, which was also denied. *Ruffin v. Avis Budget Car Rental, LLC,*, 2014 U.S. Dist. LEXIS 128596 (D.N.J. Sept. 15, 2014). On August 5, 2013, Avis also moved for decertification in *Ravenell*, which motion Magistrate Gold recommended denying. *Ravenell*, Dkt. No. 449. Defendants then filed objections to the Report and Recommendation, *Ravenell*, Dkt. No. 452. Plaintiffs' response was stayed due to the scheduled mediation. In addition, in *Ravenell*, Defendants filed motions to dismiss and for partial summary judgment. *Ravenell*, Dkt. Nos. 347, 424.

On March 6, 2015, the parties engaged in an all-day mediation session with retired United States Magistrate Judge Diane M. Welsh. With her able assistance, the parties agreed to settle both actions.[2]

---

[2] Plaintiffs' counsel note that while the feedback from Plaintiffs has been exceedingly favorable, Plaintiffs' Counsel have requested that Plaintiffs advise them if they have any issues with the Settlement no later than August 13, 2015. Plaintiffs' counsel will promptly inform the Court after that date has passed if any unresolved issues remain.

### 2. The Settlement Is A Reasonable Compromise Over Contested Issues

Where an FLSA settlement reflects a reasonable compromise over the contested issues, it should be approved. *Hernandez v. Merrill Lynch & Co.*, No. 11 Civ. 8472, 2013 WL 1209563, at *7 (S.D.N.Y. Mar. 21, 2013) (citations omitted). In determining whether proposed FLSA settlements are fair and reasonable, courts consider the totality of the circumstances. Among the factors to be considered are: "(1) the Claimants['] range of possible recovery; (2) the extent to which the settlement will enable the [p]arties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the [p]arties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y 2012). All five factors weigh in favor of approval here.

*First*, the range of recovery is exceptionally high. If Plaintiffs were to prevail at trial, the maximum they could recover is roughly $12 million (assuming the jury found an average of 19 overtime hours per week and no liquidation). The Settlement, as detailed in the parties' Settlement Agreement submitted to your Honor, provides a recovery in a range that is significant as compared to the maximum recovery. *Cf. Volberg v. A.D. Winston Servs.*, 2012 U.S. Dist. LEXIS 56040, at *4 (E.D.N.Y. Apr. 13, 2012) (Townes, J.) (approving FLSA settlement where plaintiff received almost half of his maximum recovery).

*Second*, the Settlement will enable the parties to avoid significant burdens and expenses. If the Settlement is approved, the parties will not have to devote time and resources to a potentially lengthy trial, post-trial briefing, and appellate proceedings.

*Third*, the Settlement mitigates serious litigation risk faced by both sides. Were Your Honor to disagree with Magistrate Judge Gold's Report and Recommendation, *Ravenell* would be decertified. But even if the two cases proceeded to trial, the parties would still face litigation risk. If Defendants were to prevail on liability, Plaintiffs would recover nothing. And if Plaintiffs were to prevail, they might receive time and a half damages of at most roughly $12 million (assuming a finding of an average of 19 overtime hours per week) or "regular rate" damages, *see Stillman v. Staples, Inc.*, 2009 U.S. Dist. LEXIS 42247 (D.N.J. May 15, 2009)), or, at most, roughly $6.2 million (with the same assumption). If a jury found that Plaintiffs worked 18 or fewer overtime hours per week, those recoveries would be lessened. Similarly, if the jury found that Defendants acted in good faith, damages would be lessened.

*Fourth*, the Settlement is the product of arm's-length bargaining between experienced counsel with substantial experience in FLSA collective action litigation. Littler Mendelson P.C., which represents Defendants, is one of the preeminent labor law firms in the country. And Klafter Olsen & Lesser LLP ("KOL"), which represents Plaintiffs,

Hon. Sandra L. Townes
July 31, 2015
Page 4 of 6

has a particularly successful track record in wage and hour cases, including a trial victory in an FLSA collective action.  *See, e.g., Stillman*, *supra*.

*Fifth*, and finally, fraud and collusion are entirely absent from the Settlement.  As noted, the recovery in this case far exceeds the recovery in comparable FLSA misclassification cases.  The procedural history reflects a hard-fought litigation that spanned roughly seven years.  Furthermore, the Settlement was the product of a mediation with a former United States Magistrate Judge, Diane Welsh. By any measure, the Settlement is fair and reasonable and, we submit, should be approved.

### B. <u>Class Counsel is Entitled Reasonable Attorneys' Fee</u>

In *Goldberger*, the Second Circuit articulated six factors to consider in determining the reasonableness of common fund fee applications: "(1) the time and labor expended by counsel; (2) the risks of litigation; (3) the quality of representation; (4) the requested fee in relation to the settlement; and (5) public policy considerations.  *Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000) (internal quotations and citation omitted).  The Settlement Agreement provides for attorneys' fees.[3]  The attorneys' fees figure is reasonable and well within the accepted range awarded in FLSA cases in this District and throughout the Second Circuit.  Plaintiffs' counsel submit that each of the *Goldberger* factors favors the requested attorneys' fees.

To begin, KOL has prosecuted this litigation for roughly seven years.  In furtherance of this effort, KOL expended 5196.28 hours of professional time for an aggregate lodestar in excess of $3.1 million.[4]  This expenditure of hours was reasonable given the long and contested litigations in two courts.  Moreover, the lodestar reflects the hourly rates KOL would charge paying clients.  These rates have been approved in KOL's many wage and hour cases in this Court and others.  Next, the risks of litigation were great, and we would submit that the quality of lawyering has been high on both sides.  Next, a one-third fee is "consistent with the norms of class litigation in this circuit." *McMahon v. Olivier Cheng Catering & Events,* 2010 U.S. Dist. LEXIS 18913, at *20 (S.D.N.Y. Mar. 2, 2010).  Finally, public policy supports the

---

[3]   The amount of the attorneys' fees is withheld from this letter, as the issue of whether the settlement agreement will be publicly filed on PACER is not yet resolved.

[4]   In addition, there is still work yet to be done that will be necessary to effectuate the administration of the Settlement which is recognized as necessary and compensable.  *See Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) ("Class Counsel is often called upon to perform work after the final approval hearing, including answering class member questions, answering questions from the claims administrator, and negotiating and sometimes litigating disagreements with defendants about administering the settlement and distributing the fund.").  Just considering the work to date, yields a multiplier (for cross-check purposes) that is, without question, decidedly reasonable and that supports the fee award.  *See, e.g.*, *Dupler v. Costco Wholesale Corp*, 705 F. Supp. 2d 231, 245 (E.D.N.Y. 2010) (awarding requested fee where lodestar multiplier was about 3.3); *In re Lloyd's Am. Trust Fund Litig.*, 2002 U.S Dist. LEXIS 22663, at **78-79 (finding that the "multiplier of 2.09 is at the lower end of the range of multipliers awarded by courts within the Second Circuit").

Hon. Sandra L. Townes
July 31, 2015
Page 5 of 6

fee award because it "properly balances the policy goal of encouraging counsel to pursue meritorious actions while protecting against excessive fees." *Dupler*, 705 F. Supp. 2d at 244. Accordingly, the attorneys' fees agreed upon are reasonable and should be approved.

**C.     Plaintiffs' Counsel Should Be Reimbursed For Expenses**

"Attorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation' of those clients." *In re Indep. Energy Holdings PLC Sec. Litig.*, 302 F. Supp. 2d 180, 183 n.3 (S.D.N.Y. 2003) (quotation omitted)). Without opposition, Plaintiffs' counsel seek reimbursement[5] for expenses that were incidental and necessary to the representation of the Collectives. The expenses are to be paid from the Settlement Amount. Should the Court have any questions regarding the expenses, additional information can be provided upon request.

**D.     Service Payments To Named Plaintiffs Should Be Approved**

Courts routinely approve service awards in wage and hour class and collective actions. *See*, *e.g.*, *Flores v. Anjost Corp.,* 2014 U.S. Dist. LEXIS 11026, at **27-28 (S.D.N.Y. Jan. 29, 2014) ($25,000 to each named plaintiff); *Capsolas v. Pasta Res., Inc.,* 2012 U.S. Dist. LEXIS 144651, at **26-27 (S.D.N.Y. Oct. 5, 2012) ($20,000 and $10,0000 for class representatives); *Sewell v. Bovis Lend Lease LMB, Inc.,* 2012 U.S. Dist. LEXIS 53556*,* at **40-43 (S.D.N.Y. Apr. 20, 2012) (awards of $10,000 and $15,000). "The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *Dupler*, 705 F. Supp. 2d at 245 (approving awards of $25,000 and $5,000). Without opposition, Plaintiffs seek service payments [6]for Named Plaintiffs Ravenell, Ruffin, and Donatelli (two additional Named Plaintiffs, Tyler Talkington and Travis Lubbers, were Named Plaintiffs but also asserted retaliation claims, which were separately resolved). The request is reasonable given the significant contributions that these individuals made to advance the prosecution and resolution of the lawsuit. Mr. Ravenell, Mr. Ruffin, and Ms. Donatelli aided Counsel's investigation and prosecution of the claims and each was deposed.

Accordingly, the Parties respectfully request that, subject to any issues raised by Plaintiffs by August 13, 2015, the Court find that the Settlement resolves a contested litigation over a *bona fide* dispute, and that the Settlement is fair and reasonable. Plaintiffs' counsel further respectfully request that the Court approve as fair and reasonable the requests for attorneys' fees, expenses, and service payments.

---

[5] As with attorneys' fees and the overall settlement amount, the amount of expenses sought is withheld from this letter. Those amounts are in the parties' Settlement Agreement.

[6] As with the other amounts from the settlement agreement, the amount of the service payments is withheld from this letter. Those amounts are in the parties' Settlement Agreement.

Hon. Sandra L. Townes
July 31, 2015
Page 6 of 6

| Dated: July 31, 2015 | Dated: July 31, 2015 |
|---|---|
| By: /s/ Seth R. Lesser<br>Seth R. Lesser<br>Jeffrey A. Klafter<br>Fran L. Rudich<br>Michael Reed<br>KLAFTER, OLSEN & LESSER, LLP<br>Two International Drive, Suite 350<br>Rye Brook, NY 10573<br>Telephone: (914) 934-9200<br>Facsimile:  (914) 934-9220 | By: /s/ Kimberly J. Gost<br>Kimberly J. Gost<br>Matthew J. Hank<br>Nina K. Markey<br>Littler Mendelson, P.C.<br>1601 Cherry Street, Suite 1400<br>Philadelphia, PA 19103<br>(267) 402-3000 (p); (267) 402-3131 (f) |
| ***Attorneys for Plaintiffs and the Opt-ins*** | ***Attorneys for Defendants*** |