# KLAFTER OLSEN & LESSER LLP
### ATTORNEYS AT LAW

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • Fax 914-934-9220 • www.klafterolsen.com

December 22, 2015

BY ECF and FEDERAL EXPRESS
Honorable Eric N. Vitaliano
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:   *Ravenell v. Avis Budget Car Rental, LLC., et al.*, No. 1:08-cv-2113-ENV-SMG
            *Ruffin. v. Avis Budget Car Rental, LLC., et al.*, No. 1:15-cv-03618-ENV-SMG

Dear Judge Vitaliano:

      We represent Plaintiffs and the Opt-ins in the two above-captioned Fair Labor Standards Act ("FLSA") collective actions, *Ravenell* and *Ruffin*, which are awaiting a final approval order so as to be able to effectuate the settlement that was reached last spring. On December 16, 2015, both matters were transferred by Chief Judge Anon to Your Honor from Judge Townes. We write to provide Your Honor with some of the requisite background so that we hope you can expeditiously turn to considering approval of the proposed settlement and request for attorneys' fees and expenses, and also to provide Your Honor with courtesy copies of materials that were previously submitted to Judge Townes, some of which were not posted on ECF.

      The background to the settlement here is set out in the attached letter to Judge Townes, dated July 31, 2015 (*Ravenell*, Dkt. No. 467; *Ruffin*, Dkt. No. 196) at page 2, but in short, the settlement here resolves two FLSA collective actions involving the same claims brought by 249 Avis "shift managers" and "operations managers" who assert that they were wrongfully classified as exempt employees under the FLSA and, accordingly, were not paid overtime for the time that they worked in excess of 40 hours a week. The first case, *Ravenell*, was filed in this Court in May 2008 and consists of individuals who joined that case following conditional FLSA certification and notice. The second case, *Ruffin*, was filed in the District of New Jersey and consisted of individuals who did not timely join *Ravenell*. The cases entailed several years of full and adversarial litigation (as exemplified by the more than 600 docket entries in the cases), that included first-stage notice and conditional certification discovery and motion practice, and then complete and contested "second-stage" FLSA certification and merits discovery, including, among other things hundreds of thousands of pages of



NEW YORK • NEW JERSEY • WASHINGTON, DC

document productions, numerous corporate and opt-in depositions, and multiple occasions of recourse to the Courts. Opinions were ultimately issued in each case denying Avis' motions for decertification. The detail of the cases' histories and the work undertaken can be found at pages 2 through 11 (paragraphs 2-20 & 21) of the attached Declaration of Seth R. Lesser in Further Support of the Proposed Settlement and Award of Attorneys' Fees and Expenses ("Lesser Declaration"). With each of the cases moving towards trial, the parties turned to mediating a settlement with the aid of former United States Magistrate Judge (E.D. Pa.) Diane M. Welsh. This mediation resulted in an agreement to settle both cases for $7.8 million, subject to Court approval. The parties agreed to transfer the *Ruffin* case to this Court to obtain a single settlement in both.

The July 31, 2015 letter was filed by the parties, as instructed by Judge Townes' chambers. Judge Townes subsequently asked the parties to brief two issues: whether the settlement resolved a *bona fide* dispute, and whether the Settlement Agreement should be publically filed, which Avis opposed. *Ravenell*, Dkt. No. 464; *Ruffin*, Dkt. No. 464. After the parties briefed these issues, Judge Townes requested a submission setting forth the recovery for each Plaintiff and Opt-in, and also addressing the reasonableness of Plaintiffs' counsel's fee request. *Ravenell*, Dkt. No. 469; *Ruffin*, Dkt. No. 469. In addition, Judge Townes ruled that the Settlement Agreement should be made publically available, which Your Honor effectuated last week with an order to such effect. The last requested submission to Judge Townes was made on September 25, 2015. The matter has been *sub judice* since.

Plaintiffs' counsel believe that it is fair to say that this is an exceptional FLSA settlement: it provides a $7.8 million recovery for 249 individuals which represents a gross recovery of over $31,000 per plaintiff – perhaps an otherwise ummatched number in a collective action of such size and certainly well larger than any similar case of which we are aware. *See* Lesser Declaration at 11-12 ¶ 22. No less so, our clients are quite pleased with the result, and many have been contacting us on a daily basis requesting status updates.

Accordingly, while we recognize that the Court has a most busy docket, it is our hope that Your Honor can address this matter expeditiously.

For Your Honor's convenience we will be providing, contemporaneously with the filing of this letter on ECF, courtesy copies of:

1. The parties' Settlement Agreement (*Ravenell*, Dkt. No. 470; *Ruffin*, Dkt. No. 201);

Hon. Eric N. Vitaliano
December 22, 2015
Page 3 of 3

2. The parties' July 31, 2015 letter to Judge Townes summarizing the settlement and why it should be approved (*Ravenell*, Dkt. No. 467; *Ruffin*, Dkt. No. 196);

3. A supplementary letter to Judge Townes dated August 19, 2015 (*Ravenell*, Dkt. No. 468; *Ruffin*, Dkt. No. 199);

4. The documents provided to Judge Townes on September 25, 2015, consisting of (1) a cover letter; (2) a declaration from the Settlement Administrator setting forth the recovery for each Plaintiff and Opt-in; (2) a declaration, with exhibits, from the undersigned setting forth the reasonableness of Plaintiffs' fee request; and

5. A copy of the proposed Order of Dismissal, which was attached as Exhibit 6 to the Settlement Agreement, filed as Attachment 1 to Docket No. 463 in *Ravenell*.

Please do not hesitate to contact us with any questions or concerns. We appreciate your kind courtesies in this matter.

Very truly yours,

Seth R. Lesser

Enclosures

cc: Counsel of Record (via ECF)



NEW YORK • NEW JERSEY • WASHINGTON, DC