# KLAFTER OLSEN & LESSER LLP
## ATTORNEYS AT LAW

Two International Drive • Suite 350 • Rye Brook, NY 10573
914-934-9200 • Fax 914-934-9220 • www.klafterolsen.com

March 11, 2016

**VIA ECF**
Hon. Steven M. Gold
United States District Court
225 Cadman Plaza
Brooklyn, New York 11201

      Re:    *Ravenell v. Avis Budget Car Rental, LLC.*, No. 08-cv-2113-SLT-SMG
              *Ruffin v. Avis Budget Car Rental, LLC*, No. 15-cv-3618-SLT-SMG

Dear Judge Gold:

Plaintiffs herewith respond to Your Honor's request, during the telephone conference on March 9, 2016, for authority and more information relative to the requests for service awards of $15,000 for named Plaintiffs Mr. Ravenell, Mr Ruffin and Ms. Donatelli.

**Service Awards Are Authorized In FLSA Collective Actions**

As discussed during the March 9 conference, there is little authority addressing the propriety of service awards in solely FLSA collective action settlements. There appear to be two such decisions, however, and both have found them permissible. In *Espenscheid v. DirectSat USA, LLC*, 688 F.3d 872, 877 (7th Cir. 2012), Judge Posner found that, just as in Rule 23 class actions, it is proper to award service awards in FLSA collective actions. Judge Posner noted that a service award serves the same function in both kinds of aggregate actions: to compensate individuals for the risk they bear in bringing suit and recognize them for their contribution to the case. *Id.* A District Court in this Circuit has likewise issued a written decision finding a service award proper in an FLSA-only settlement. *Bozak v. FedEx Ground Package Sys.*, Civ. No. 11-cv-738, 2014 U.S. Dist. LEXIS 106042 at *11-15 (D. Conn. July 31, 2014). Whether through written decision or order, "[c]ourts around the country have approved substantial incentive payments in FLSA collective actions and other employment-related class actions." *DeWitt v. Darlington County*, 2013 U.S. Dist. LEXIS 172624 at * 38-



NEW YORK • NEW JERSEY • WASHINGTON, DC

39 (D.S.C. Dec. 6, 2013) (citing cases; approving service awards in small FLSA-only collective settlement).[1]

As Judge Chatigny noted in *Bozak*, service awards are particularly appropriate in FLSA collective actions. "[J]ust as in [a] Rule 23 class action," a named plaintiff in a collective action steps forward on behalf of a group, and thereby assumes the risk of retaliation by the defendant or a current employer, as well as future employers. *Id.* at 13. This same risk of retaliation is at the root of service awards in Rule 23-only and hybrid collective and Rule-23 settlements. *See Guippone v. BH S&B Holdings, LLC*, 2011 U.S. Dist. LEXIS 126026, at *20 (S.D.N.Y. Oct. 28, 2011) ("Even where there is not a record of actual retaliation, notoriety, or personal difficulties, class representatives merit recognition for assuming the risk of such for the sake of absent class members."). Indeed, in its seminal decision on hybrid Rule 23 class actions/FLSA collective actions, the Second Circuit noted that "an employee fearful of retaliation or of being 'blackballed' in his or her industry may choose not to assert his or her FLSA rights." *Shahriar v. Smith & Wollensky Restaurant Grp.*, 659 F.3d 234, 244 (2d Cir. 2011). Given these concerns, service awards in wage and hour cases, compared to other class actions, are larger, and, as has been noted, "recently awards of $10,000 and $15,000 are not uncommon and on occasion reach $20,000, $30,000 and higher." *Scovil v. FedEx Ground Package Sys.*, 2014 U.S. Dist. LEXIS 33361 at *24 (D. Me. Mar. 14, 2014) (citing cases; also noting that "[t]he reason commonly given for the higher awards in these cases is the fear and risk of retaliation and embarrassment in the workplace, on top of the time and administrative commitment that is commonly shared in all cases, employment or not.").

In *Bozak*, Judge Chatigny also grounded his service award to the named plaintiff on "the work [the plaintiff] undertook on behalf of the Eligible Settlement Class [collective] Members." *Id.* at *14. This work included "expend[ing] time and effort to assist in the preparation of the amended complaint, provid[ing] Plaintiffs' Counsel with relevant information, and

---

[1] *See, e.g., Stallard v. Fifth Third Bank*, Civ. No. 12-cv-1092, Dkt. No. 181 (W.D. Pa. Feb. 25, 2015) (awarding service awards of $10,000 to named plaintiffs in FLSA-only collective action settlement); *Campbell v. C.R. Eng., Inc.*, 2015 U.S. Dist. LEXIS 134235 at *26 (D. Utah Sept. 30, 2015) (awarding service awards of $7,500 to each of seven named plaintiffs in FLSA-only collective action settlement); *Stevens v. Safeway, Inc.*, 2008 U.S. Dist. LEXIS 17119 at *34-37 (C.D. Cal. Feb. 25, 2008) (awarding service of awards of $20,000 and $10,000 to two named plaintiffs in FLSA collective action-only settlement (referred to, however, as a "class")); *Uddin v. Radiante, LLC et al.*, No. 07-cv-2158, Dkt. Nos. 11-2 & 12 (S.D.N.Y. Feb. 6, 2008) (approval of FLSA collective-only settlement with $5,000 service award to named plaintiff).

assist[ing] counsel in the investigation of Plaintiffs' claims and the finalization of this settlement." *Id.* at *14. Judge Chatigny found a $10,000 award was "consistent and reasonable with awards given in class and collective actions," which ranged from $10,000 to $30,000. *Id.* at *15-16 (citing cases).

### Your Honor Should Approve Service Awards In This Case

Service awards should be awarded here because, like the named plaintiff in *Bozak*, each of the three named Plaintiffs here substantially aided the litigation. They did so by expending time in assisting Plaintiffs' counsel in the preparation of the complaints, informing Plaintiffs' counsel about the nature of their experiences on the job, and providing assistance in obtaining evidence from AVIS that supported the claims at issue. They also responded to discovery and sat for depositions.[2] And they made themselves available throughout the litigation and mediation process. Because they stepped forward and accepted the risk of retaliation, over 246 Shift Managers who received notice of this litigation and opted-into the case will, if the Settlement is approved by this Court, receive substantial recompense. As demonstrated by the cases cited in the *Scovill* and *Bozak* decisions (among many others), $15,000 service awards are well within the range of reasonableness.[3]

---

[2] During the March 9, 2016 teleconference, Your Honor mentioned how one difference between a FLSA collective case and most class actions is that in an FLSA case a large number of individual plaintiffs may be deposed. In actuality, over and above awards to named Plaintiffs, courts also approve awards for deponents in wage and hour actions cases. *See, e.g., Wineland v. Casey's Gen. Stores, Inc.*, 267 F.R.D. 669, 677 (S.D. Iowa 2009) (noting that "[c]ourts routinely recognize and approve incentive awards for class representatives and deponents," and approving service payments of $10,000 to named plaintiffs and $1,000 to deponent plaintiffs in FLSA and state wage and hour case) (citing additional authorities). Although no such awards for deponents are being sought here, the point is that not only were the named Plaintiffs here deponents and subject to discovery but they also put themselves forward as named plaintiffs in a federal lawsuit against their past employers. As noted, this rationale has been recognized to warrant service payments.

[3] *See, e.g., Silverstein v. AllianceBernstein, L.P.*, No. 09 Civ. 5904, 2013 U.S. Dist. LEXIS 179734, at *28 (S.D.N.Y. Dec. 20, 2013) (awards of $25,000 to class representatives); *Willix v. Healthfirst, Inc.*, No. 07 Civ. 1143, 2011 U.S. Dist. LEXIS 21102, at *19-20 (E.D.N.Y. Feb. 18, 2011) (awards of $30,000, $15,000, and $7,500 to class representatives and opt-ins); *Reyes v. Altamarea Grp.*, LLC, No. 10 Civ. 6451, 2011 U.S. Dist. LEXIS 115984, at *24 (S.D.N.Y. Aug. 16, 2011) (awards of $15,000 each for three class representatives); *Johnson v. Brennan*, No. 10 Civ. 4712, 2011 U.S. Dist. LEXIS 105775, at *61 (S.D.N.Y. Sept. 16, 2011) (awards of $10,000 to class representatives); *Willix*, 2011 U.S. Dist. LEXIS 21102, at *19-20

During the March 9, 2016 teleconference, Your Honor asked whether the named Plaintiffs were employed by Avis or otherwise employed in the rental car industry during the pendency of these cases. The answer is that they were not, but Plaintiffs submit that this fact should not stand in the way of their service awards. Because they sued a former employer, a future employer—regardless of the industry—might be reluctant to hire Plaintiffs. As noted, *supra*, this fear of retaliation is real, and it has been recognized by the Second Circuit. *See also Sewell v. Bovis Lend Lease LMB, Inc.*, 2012 U.S. Dist. LEXIS 53556 (S.D.N.Y. Apr. 16, 2012) ("[A]s employees suing their current or former employer, the plaintiffs face the risk of retaliation. The current employees risk termination or some other adverse employment action, while former employees put in jeopardy their ability to depend on the employer for references in connection with future employment.") (quoting *Parker v. Jekyll & Hyde Entm't Holdings, L.L.C.*, 2010 U.S. Dist. LEXIS 12762, at *4-5 (S.D.N.Y. Feb. 9, 2010)).

Finally, Plaintiffs' counsel can represent that all of the settlement collective members in the case were specifically informed of (1) the total proposed service awards to the named plaintiffs; and (2) their right to bring any concerns or questions to the attention of Plaintiffs' counsel. Not a single person voiced any concern.

## Conclusion

Accordingly, Plaintiffs' counsel respectfully request that the Court grant $15,000 service awards each to Messrs. Ravenell and Ruffin and Ms. Donatelli. Should Your Honor have any further questions or concerns or wish further explication of anything stated in this letter, please do not hesitate to so request it.

Respectfully yours,

Seth R. Lesser

Cc: Kimberly Gost, Esq. (By ECF)
    Matthew Hank, Esq. (By ECF)

---

(awards of $30,000, $15,000, and $7,500 to class representatives and opt-in plaintiffs); *Duchene,* 2009 U.S. Dist. LEXIS 85955, at *9 ($25,000 and $10,000).